26 F.3d 134
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Sam OUDOMRAK, Defendant-Appellant.
 No. 93-50275.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 4, 1994.*
Decided May 24, 1994.
 
 1
 Before: BROWNING and FLETCHER, Circuit Judges, and FITZGERALD, District Judge.**
 
 
 2
 MEMORANDUM***
 
 
 3
 * Oudomrak fails to make even the threshold showing necessary to obtain a severance on the ground a codefendant would offer exculpatory testimony if tried separately. See United States v. Reese, 2 F.3d 870, 892 (9th Cir.1993). Manilay conditioned his testimony not only on a separate trial but also on receiving a particular plea bargain, and the parties acknowledged it was uncertain whether Manilay would testify if a severance were granted.[1] Even if Manilay were to testify Oudomrak was not responsible, the testimony would not have been "substantially exculpatory," see id., since the government possessed evidence of contradictory statements made by Manilay.
 
 
 4
 Oudomrak also argues a severance would have allowed him to overcome Manilay's marital privilege, which purportedly barred Oudomrak from introducing a statement by Manilay's wife that she gave money to Oudomrak to buy a ticket for "Mr. Sam." Oudomrak argues the statement shows he did not buy Manilay's plane ticket. However, even assuming the marital privilege prevented Oudomrak from introducing this evidence, the statement was not substantially exculpatory since "Sam" is Oudomrak's name, not Manilay's.
 
 
 5
 We also reject Oudomrak's contention severance was required because his defense and Manilay's were mutually antagonistic since Oudomrak failed to show the joint trial prejudiced a specific constitutional right. See United States v. Buena-Lopez, 987 F.2d 657, 660 (9th Cir.1993). Proper jury instructions usually suffice to cure prejudice resulting solely from mutually antagonistic defenses, id., and the district court instructed the jury essentially as implicitly approved in Zafiro v. United States, 113 S.Ct. 933, 939 (1993). The district court also granted a motion to redact references to Oudomrak in written statements made by Manilay.[2]
 
 II
 
 6
 The district court did not abuse its discretion by excluding Manilay's statements exculpating Oudomrak. The statements were made while Manilay was in custody and therefore were not particularly trustworthy, see United States v. Ospina, 739 F.2d 448, 452 (9th Cir.1984); compare United States v. Nazemian, 948 F.2d 522, 530 (9th Cir.1991) (noting that statement admitted by district court was not made while declarant was in custody), and Manilay contradicted the statements by implicating Oudomrak in the conspiracy. Even assuming the district court erred in this and other evidentiary rulings vaguely challenged by Oudomrak, any error was harmless in light of the overwhelming evidence against Oudomrak.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 Honorable James M. Fitzgerald, Senior Judge, United States District Court for the District of Alaska, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Oudomrak's counsel forthrightly concedes he erroneously represented that Manilay signed an affidavit indicating he would testify on behalf of Oudomrak
 
 
 [2]
 United States v. Tootick, 952 F.2d 1078 (9th Cir.1991), is inapposite. The defenses in Tootick were such that the jury could not judge the guilt of each defendant independently from the other. See Buena-Lopez, 987 F.2d at 660-61 (distinguishing Tootick on this basis). Here, however, the jury could logically convict or acquit each defendant regardless of its verdict as to the other defendant. See Zafiro, 113 S.Ct. at 939-40 (Stevens, J., concurring) (both codefendants charged with conspiracy can deny knowledge of container's contents without contradiction)